UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELLEN OTTSTADT,
Individually and On Behalf Of All Others
Similarly Situated,

             Plaintiffs,

    v.

STEPHANIE KLEIN d/b/a STEPHANIE
KLEIN ATTORNEY AT LAW and SINGER
ENERGY GROUP, LLC D/B/A ROBISON
OIL,

             Defendants.

Docket No. 7:13-cv-04804-(LMS)

HON. LISA MARGARET SMITH

---

## CLASS ACTION SETTLEMENT AGREEMENT

### I.   PRELIMINARY STATEMENT

This Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Ellen Ottstadt ("Ottstadt" or "Plaintiff"), Stephanie Klein d/b/a Stephanie Klein Attorney At Law ("Klein") and Singer Energy Group, LLC D/B/A Robison Oil ("Robison"). Klein and Robison shall hereinafter be collectively referred to as "Defendants". Plaintiff and Defendants may hereafter be individually referred to as a "Party" or collectively as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the approval of the Court and the terms and conditions herein.

### II.   RECITALS

WHEREAS, the Complaint[1] alleges that Defendants, in violation of the Fair Debt

---

[1] All capitalized terms used herein shall have the meanings ascribed to them in Section III of this Agreement unless stated otherwise.

Collection Practices Act, (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"])[2] by:

(a) failing to provide the validation disclosures required by 15 U.S.C. §1692g;

(b) suing Plaintiff in a judicial district other than where she signed the contract sued upon or where she resided at the commencement of the action;

(c) using a name other than Robison's in its efforts to collect the subject consumer debt; and

(d) falsely stating the character, amount, and legal status of the debt sued upon.

WHEREAS, the Complaint seeks statutory damages, actual damages and attorneys' fees; and

WHEREAS, Class Counsel believes that Plaintiff would ultimately prevail on claims asserted in the Complaint but deem the proposed settlement as set forth herein to be in the best interests of the Class Members; and

WHEREAS, Defendants have denied liability, raised defenses to the allegations of the Complaint and maintain that they would ultimately prevail in this Action but also agree that the settlement terms set forth below are in their best interests as well; and

WHEREAS, the Court has not ruled on any substantive contentions as to the validity of the claims asserted in the Complaint or as to the liability or non-liability of Defendants, nor has the Court expressed an opinion with respect thereto, nor do the parties to this Agreement make any admissions or concessions on these substantive issues; and

---

[2] The term "FDCPA" is defined in the referenced statute, 15 U.S.C. § 1692 *et seq.*, and is therefore not defined in Section III of this Agreement.

WHEREAS, the Parties have concluded that it is desirable for this Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members against the Defendants arising out of or related to the subject matter of the Complaint; and

WHEREAS, the Parties have engaged in extensive, arms-length settlement negotiations, and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Parties; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Plaintiff, in her individual and representative capacities, and Defendants that the claims for monetary relief against Defendants shall be settled and compromised through a Final Approval Order entered by the Court which incorporates and references the provisions described herein.

### III.   DEFINITIONS

1. Accessible Contact Information: "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of the Defendants or from forwarding addresses identified on returned mail received from the United States Post Office.

2. Action: "Action" means the above-captioned lawsuit currently pending in the United States District Court for the Southern District of New York under docket number 7:13-cv-04804-LMS.

3. Agreement: "Agreement" or "Settlement Agreement" means this Class Action Settlement

Agreement.

4. Attorneys' Fees: "Attorneys' fees" means reasonable attorneys' fees and costs of litigation and expenses.  "Attorneys' Fees" does not include the Class Representative's payments or Settlement Administration Costs and Expenses.  "Attorneys' Fees" are not taken from any award paid to the Class.

5. Class: "Class" shall mean collectively, all Class Members who have not opted-out of this Settlement.

6. Class Counsel: "Class Counsel" means counsel for the Class Representative and the Class Members:

> THE LAW OFFICES OF
> ROBERT J. NAHOUM, P.C.
> 48 Burd Street, Suite 300
> Nyack, NY 10960

Class Counsel represents that they are the only attorneys entitled to receive a fee for services rendered to the Class Representative and Class Members. Class Counsel further represents that no other law firm has any claim for Attorney' Fees in connection with this matter.

7. Class Members: "Class Members" shall mean all persons who, from July 12, 2012 through entry of the the Conditional Approval Order:

> (a) Failed to receive within five (5) days of receipt of an initial consumer debt collection communication from Klein, attempting to collect a debt on behalf of Robison, the following statements: "(i) that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) that if the consumer notifies the debt collector in writing within the thirty-day period that

the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor"; or

(b) were named defendants in a consumer debt collection lawsuit, brought by Robison in a judicial district or similar legal entity other than where such person signed the contract sued upon or where such person resided at the commencement of such consumer debt collection lawsuit; or

(c) were recipients of an attempt to collect a consumer debt by Robison using a name other than its own.

8. Class Representative: "Class Representative" means Plaintiff Ellen Ottstadt in her representative capacity.

9. Complaint: "Complaint" means the class cction complaint dated July 11, 2013 and filed on July 11, 2013 in connection with this Action.

10. Conditional Approval Order: "Conditional Approval Order" means the order preliminarily approving this Settlement Agreement, approving the Class Notice, and setting the Fairness Hearing, as provided herein.

11. Court: The "Court" means the United States District Court for the Southern District of New York.

12. Defendants: "Defendants" means Stephanie Klein d/b/a Stephanie Klein Attorney At Law

and Singer Energy Group, LLC D/B/A Robison Oil.

13. Defendants' Counsel: "Defendants' Counsel" means The Law Office Of Arthur Sanders, 30 South Main Street, New City, N.Y. 10956.

14. Effective Date: "Effective Date" is the date which is thirty-five (35) days after the Final Approval Order of this Settlement Agreement is entered with no possibility of an appeal.

15. Fairness Hearing: "Fairness Hearing" means the hearing to determine whether the settlement of the Action is fair and reasonable and should be given final approval.

16. Final Approval Order: "Final Approval Order" means the approval order provided for herein, to be entered after the Fairness Hearing if the Court finds it appropriate to do so.

17. Named Plaintiff: "Named Plaintiff", "Class Representative", "Ellen Ottstadt" and "Ottstadt" each shall mean Ellen Ottstadt the person who brought this Action individually and also on behalf of Class Members defined in paragraph 7 above.

18. Notice to Class Members: "Notice", "Notice to Class Members" and "Class Notice" means the notice of proposed class action settlement.

19. Notice Date: "Notice Date" means the date that Notice to Class Members is mailed to Class Members.

20. Opt-Out Date: "Opt-Out Date" means the date by which Class Members must provide a request to opt-out of the Settlement Agreement as provided for herein. Person: "Person" (when used in the singular or plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

21. Related Parties: "Related Parties" shall mean each of a Person's past or present officers,

directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, of counsel, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families, and all Related Parties' and Parties' insurers and their reinsurers.

22. Released Claims: "Released Claims" means the claims and liabilities released and discharged herein.

23. Remainder Funds: "Remainder Funds" are the funds, if any, that remain in the Settlement Fund after all Class Members who have not opted-out of this Settlement have received their *pro-rata* share of the Settlement Fund.

24. Settlement: "Settlement" means the terms and conditions set forth in this Agreement.

25. Settlement Administration Costs and Expenses: "Settlement Administration Costs and Expenses" means the costs and expenses related to the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing the Notice and mailing the Settlement Amounts by check to eligible Class Members.

26. Settlement Administrator: "Settlement Administrator" means First Class, Inc., an independent settlement administrator jointly selected by Class Counsel and Defendants' Counsel.

27. Settlement Amount: "Settlement Amount or Amounts" means the amount or amounts paid to the Class Members who have not opted-out of this Settlement, including Ellen Ottstadt, plus the compensation to Class Counsel.

28. Settlement Fund: "Settlement Fund" means the fund created by Defendants to be used to

7

satisfy payments made to Class Members, in the amount of $25,000.00. Defendants shall pay monetary relief to Ellen Ottstadt, Attorneys' Fees, costs, and the Settlement Administration Costs and Expenses, separate and apart from the Settlement Fund.

## IV.    SETTLING PARTIES: "SETTLING PARTIES" MEANS THE PARTIES, ELLEN OTTSTADT, CLASS MEMBERS WHO HAVE NOT OPTED-OUT OF THIS SETTLEMENT, KLEIN AND ROBISON.PLAN OF ALLOCATION

### A.  Relief To Plaintiff And Class Members

#### 1.  Monetary Relief

Defendants will establish the Settlement Fund totaling $25,000.00. In addition, the Named Plaintiff will receive the total sum of $2,000.00, to be categorized as $1,000.00 in FDCPA statutory damages from each of the two Defendants. The balance of the fund shall be divided, on a *pro rata* basis, among those Class Members who have not opted-out of this Settlement. Under no circumstances will any Class Member who is not the Class Representative receive more than one Settlement check or more than $1,000.00.

#### 2.  Debt Forgiveness

As compensation for the Named Plaintiff acting as the Class Representative, Robison shall and hereby does forgive and forever discharge any obligation of Ellen Ottstadt to Robison relating to the debt which forms the basis of this Action.

### B.  Settlement Administration Costs And Expenses

In addition to establishing the Settlement Fund and other benefits described above, Defendants will pay the costs of sending the Notice to Class Members, distributing Settlement Amounts by check to Class Members who have not opted-out of this Settlement and any other costs of the Settlement Administrator associated with this Action.

8

## C. **Remainder Funds**

Remainder Funds are to be paid to the National Consumer Law Center, located in Boston MA, a not-for-profit organization concerned with the rights of consumers[3].

## D. **Attorneys' Fees**

In addition to the Settlement Funds and other benefits described above, within 20 days of entry of the Final Approval Order, Defendants shall deliver $20,000.00 in good funds payable to "The Law Offices of Robert J. Nahoum, P.C., as attorneys" to The Law Offices of Robert J. Nahoum, P.C., 48 Burd Street, Suite 300, Nyack, New York 10960. These funds shall be held in escrow until the Effective Date at which time Class Counsel may release said escrow and distribute said Attorneys' Fees.

Nothing herein shall preclude Class Counsel from seeking an award upon proper application made to the Court for additional Attorneys' Fees incurred in excess of $20,000.00. Nothing herein shall preclude Defendants from objecting to any such application.

## E. **Class Notice**

Through the Settlement Administrator, Defendants shall cause the Class Notice to be sent at the time provided in the Conditional Approval Order.

## F. **Class Members' Entitlement To A Portion Of The Settlement**

Class Members are not required to take any affirmative action in order to receive a portion of the Settlement Funds.

## G. **Class Members' Right Of Exclusion**

Any Class Member may seek to be excluded from this Settlement Agreement and from the Class ("opt-out") within the time and in the manner provided in the Conditional Approval Order.

---

[3] The National Consumer Law Center is not defined in Section III of this Agreement.

Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

## H. Class Members' Right To Object To The Settlement

Any Class Member may object to this Settlement Agreement within the time and in the manner provided in the Conditional Approval Order. Any Class Member who objects to the Settlement will still be bound by this Settlement Agreement, and will receive his or her *pro rata* share of the Settlement Funds unless that objecting Class Member opts-out of the Settlement.

## V.    RELEASED CLAIMS

1. It is the agreement and intent of the Parties that this Settlement Agreement be construed and enforced as a global release subject to the limitations and exclusions provided herein. Accordingly, it is hereby agreed that upon the Effective Date of this Settlement Agreement, the Class Representative and Class Members, with the exception of those Class Members who have opted-out of this Settlement, and his, her or its respective Related Parties shall hereby be deemed to have, and by operation of this Settlement Agreement have fully, finally, and forever released, relinquished, discharged, and waived, against Defendants, including their Related Parties, any and all claims of whatever kind or nature, from the beginning of time to the Effective Date hereof, on account of any and all loss or damages of any kind whatsoever, known or unknown, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Complaint in this Action.

2. Notwithstanding the foregoing release, any Class Member sued in a debt collection action brought by or on behalf of Robison and any of its Related Parties, shall retain the right to raise any defenses available, including those based on the facts alleged

herein.

## VI.    CONDITIONAL APPROVAL ORDER AND FAIRNESS HEARING

### 1.  Conditional Approval Motion

In accordance with the procedures and time schedules herein, Class Counsel shall take such actions to prepare, file and submit, subject to the prior approval by all other Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both conditional and final approval of this Settlement Agreement from the Court.  All Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

> a.    Immediately upon the execution of this Agreement by the Parties, counsel for the Parties shall jointly move for conditional approval of this Settlement Agreement, including a request that the Court approve the mailing of the Class Notice within thirty (30) days of the entry of an order granting conditional approval of this Settlement Agreement.  All Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary; and

> b.  The Conditional Approval Order shall require, and the Class Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel.  The Class Notice shall provide that any objection that is not received within the time set by the Court is deemed waived. Class Counsel shall maintain the email address info@nahoumlaw.com which may be used by Class Members who may have questions regarding this Settlement Agreement; and

11

       c. The Parties shall jointly request a Fairness Hearing date, which is no more than ninety (90) days after the date of entry of the Conditional Approval Order.

## 2. Conditional Approval Order

The Conditional Approval Order entered by the Court as defined herein shall, as conditions of this Settlement Agreement, at a minimum contain the following provisions:

       a.     Conditional approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court prior to the Fairness Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

       b.     Approval of the form of a Class Notice, as defined herein, that includes the general terms of the Settlement set forth in the Settlement Agreement, the procedures for making objections and opting-out described below and directing Defendants, through the Settlement Administrator, to cause to be mailed by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within Thirty (30) days from the date of said order; and

       c.     A finding that the mailing of the Class Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the

best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law; and

d.      To administer the Settlement, the parties have jointly selected First Class, Inc.

## 3. Objections

Any Class Member who objects to the Settlement contemplated by this Settlement Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendants' Counsel a written notice of objection together with a statement of reasons for the objection no later than 14 days before the Fairness Hearing date. Class Counsel and Defendants' Counsel may, but need not, respond to the objections. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Class Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

## 4. Exclusion From The Class

Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent in writing to the Court, Class Counsel and

Defendants' Counsel and be post-marked no later than the date set by the Court and must be transmitted by first class mail. The Opt-Out Date will be no later than the deadline for opt-outs set by the Conditional Approval Order and requests for exclusion postmarked after that date will have no legal effect. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN OTTSTADT V. STEPHANIE KLEIN D/B/A STEPHANIE KLEIN ATTORNEY AT LAW AND SINGER ENERGY GROUP, LLC D/B/A ROBISON OIL." The request for exclusion must contain the excluded Class Member's name, address and signature.

### 5. Claiming a Portion of The Settlement

Class Members need not take any affirmative action to be entitled to share in the Settlement.

The Final Approval Order, as defined herein, entered by the Court upon completion of the Fairness Hearing shall, as a condition of this Settlement, at a minimum, include the following provisions:

    a. A finding that the distribution of the Class Notice fully and accurately informed all Class Members of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

    b. A finding that after proper notice to Class Members and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and either denied or incorporated in whole or in part into the Final Approval Order as either the

14

Parties agree or the Court finds that fairness dictates; and

c. Approval of the Settlement, as set forth in the Settlement Agreement, with or without modifications, as fair, reasonable, adequate, and in the best interests of the Class Members, under Rule 23 of the Federal Rules of Civil Procedure, and a finding that the Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement; and

d. A finding that neither the Final Approval Order nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties, or any of them, of any liability or wrongdoing, and

e. Subject to reservation of jurisdiction for matters discussed in subparagraph (h), below, dismisses with prejudice the Complaint; and

f. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Approval Order; and

g. A finding that all Class Members who have not opted-out of this Settlement and their Related Parties shall, as of the entry of Final Approval Order, conclusively be deemed to have released and forever discharged Defendants and their Related Parties from all Released Claims, and forever enjoining and barring all Class Members who have not opted-out of this Settlement and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against Defendants that assert any Released Claims; and

h. A reservation of exclusive and continuing jurisdiction over the Action and the

15

Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Approval Order; and (ii) supervising the administration and distribution of the relief to the Class and resolving any disputes that may arise with regard to any of the foregoing.

## VII.   CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, RESCISSION OR TERMINATION

1. This Settlement Agreement, including the releases herein, shall be null and void, and the provisions below shall apply, if any of the following conditions fail to occur or be satisfied prior to the Effective Date:

> a.     All non-Settlement related activities regarding the Complaint shall be, and shall remain, stayed by the Court pending Final Approval Order approving this Settlement Agreement; and
>
> b.     All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the Effective Date; and
>
> c.     A Conditional Approval Order, as defined herein, shall be entered by the Court; and
>
> d.     At or prior to the Fairness Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and either denied or incorporated in whole or in part into the Final Approval Order as either the Parties agree or the Court finds that fairness dictates;     and
>
> e.     At or prior to the Fairness Hearing, not more than 15% of all Class Members who were mailed the Class Notice elected to opt-out of the Class and this Settlement; provided, however, it shall remain Defendants' sole and exclusive right to waive this condition; and
>
> f.     A Final Approval Order, as defined herein, shall be entered by the Court; and
>
> g.     Subject to the reservation of jurisdiction for matters described

above, the Action must be dismissed with prejudice.

2. In the event that this Settlement Agreement is finally rejected upon the Fairness Hearing, or in the event a Final Approval Order is not entered, or does not become final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void:

   a. The terms of this Agreement shall have no further force and effect with respect to the Parties; and

   b. This Agreement shall not be used in any litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Party to take steps required by this Agreement; and

   c. The Settling Parties shall be restored to their respective positions in the litigation as of the date of the Settlement Agreement; and

   d. Any Final Approval Orderor orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

## VIII.   MISCELLANEOUS PROVISIONS

### 1. Enforcement.

The Parties acknowledge that violation of the Settlement Agreement or any of the releases will cause immediate irreparable injury for which no remedy at law is adequate. If any Party fails to perform his, her or its obligations hereunder, any other Party shall be entitled to specific performance, including through mandatory preliminary and injunctive relief, in addition to such

17

other remedies as provided herein.  Nothing contained herein shall be construed to preclude any Party from applying for contempt or other remedies or sanction provided by the Federal Rules of Civil Procedure for breach of this Settlement Agreement.

### 2. Commitment to the Settlement and Communication with the Class.

The Parties and their counsel agree to recommend approval of and to support the Settlement Agreement to the Court and to the Class Members and to undertake their best efforts, including all reasonable steps and efforts contemplated by the Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Settlement Agreement.  The Law Offices of Robert J. Nahoum, P.C. will be listed as the contact for Class Members' questions, including for questions the email address info@nahoumlaw.com. The Parties shall cooperate, assist and undertake all reasonable actions in order to accomplish the Settlement on a timely basis in accordance with the schedule established by the Court.  Class Counsel shall make every reasonable effort to encourage Class Members to participate in and to not opt-out of the Class.  In furtherance of its responsibility to the Class Members and the obligation to preserve the integrity of the Class, Class Counsel represents that (i) Class Counsel does not currently represent any individuals falling within the definition of Class Member except the Named Plaintiff; (ii) Class Counsel is unaware of any Class Member who intends to opt-out of the Settlement; and (iii) Class Counsel will not represent a Class Member who has opted-out of the Settlement. In furtherance of such obligations, Class Counsel is permitted to state and represent that the FDCPA limits the recovery of damages in this Action to the lesser of $500,000 or 1% of the net worth of the Defendants. Further Class Counsel is hereby authorized and permitted to advise Class Members and their representatives that the total damages being recovered in this Settlement exceeds 1% of the Defendants' stated net worth.

3. **Good Faith Settlement and Advice of Counsel.**

The Parties agree that the terms of the Settlement reflect a good-faith settlement of the claims asserted by the Class Representatives and other Class Members in the Action, reached voluntarily after consultation with experienced legal counsel.

4. **No Waiver.**

The waiver of one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Party of that breach or a waiver by that Party of any other Party's breach.

5. **Modification.**

The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

6. **Headings.**

The heading of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

7. **Entire Agreement.**

Except as provided herein, the Agreement constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement other than the representations, warranties and inducements contained and memorialized in the Agreement.

8. **Class Authority to Settle.**

Class Counsel warrants that it is expressly authorized by the Class Representative to take all appropriate action to effectuate the terms and conditions of the Settlement and also is expressly

authorized to enter into any modifications of or amendments to the Agreement on behalf of the Class which it deems appropriate.

Each counselor or other person executing the Agreement on behalf of any settling Party hereto hereby warrants that he or she has the full authority to do so.

## 9. Counterparts.

The Agreement may be executed in one or more counterparts, with facsimile signatures, each of which shall be deemed to be one and the same instrument. Counsel for all Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

## 10. Binding Effect.

The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto. All Parties waive the right to appeal or collaterally attack the Final Approval Order entered under this Settlement Agreement.

## 11. Exclusive Jurisdiction and Venue for Enforcement.

Participating as a Class Member will be deemed consent to have the Honorable Lisa Margaret Smith, United States Magistrate Judge, have jurisdiction over this settlement under 28 U.S.C. §636(c). Any dispute relating to this Agreement and/or the Final Approval Order shall be resolved exclusively in the U.S. District Court for the Southern District of New York, which Court shall retain exclusive jurisdiction and venue with respect to the consummation implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement and/or the Final Approval Order. The Parties agree to submit to the Court's exclusive jurisdiction and venue for the purposes described above.

## 12. Costs and Expenses.

Except as otherwise provided herein, each Party shall bear its own costs and expenses.

**13. Interpretation.**

All Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Dated: Nyack, New York
      November 3, 3014

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By: /S/
_____

**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

Dated: New City, New York
      November 3, 3014

**LAW OFFICE OF**
**ARTHUR SANDERS**
**Attorneys for Defendants**

By: /S/
_____

**ARTHUR SANDERS**
30 South Main Street
New City, N.Y. 10956
Telephone No.: 845-499-2990
Facsimile No.: 845-499-2992
Email: asanders@arthursanderslaw.com