```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ELLEN OTTSTADT, Individually and On
Behalf Of All Others Similarly Situated,
                                                    CLASS NOTICE
                    Plaintiffs,
                                                    13-CV-04804
        -against-
                                                    HON. LISA MARGARET SMITH
STEPHANIE KLEIN d/b/a STEPHANIE
KLEIN ATTORNEY AT LAW and SINGER
ENERGY GROUP, LLC D/B/A ROBISON OIL,

                    Defendants.
----------------------------------------x
```

## IF YOU RECEIVED A COLLECTION LETTER SENT ON BEHALF OF SINGER ENERGY GROUP, LLC, D/B/A ROBISON OIL, FROM STEPHANIE KLEIN, ATTORNEY AT LAW, AND/OR WERE SUED BY SINGER ENERGY GROUP, LLC, YOU MAY BENEFIT FROM THIS CLASS ACTION SETTLEMENT.

This case is titled Ellen Ottstadt, plaintiff v. Stephanie Klein d/b/a Stephanie Klein attorney at law and Singer Energy Group, LLC, d/b/a Robison Oil, defendants, SDNY Case No. 7:13-CV-4804-LMS. The Federal Court authorized this notice.
This is not a solicitation from a lawyer.

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT.**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | BY DOING NOTHING, YOU WILL REMAIN IN THE CLASS AND BE BOUND BY THE TERMS OF THIS SETTLEMENT AND WILL RECEIVE A SHARE OF THE SETTLEMENT FUNDS. BY REMAINING IN THE CLASS, YOU ARE CONSENTING TO THE JURSIDICTION OF U.S. MAGISTRATE JUDGE LISA MARGARET SMITH UNDER 28 U.S.C. SECTION 636(c). |

| | |
|---|---|
| EXCLUDE YOURSELF | YOU WILL RECEIVE NO BENEFIT, BUT YOU WILL RETAIN YOUR LEGAL CLAIMS AGAINST THE DEFENDANTS. |
| OBJECT | WRITE TO THE COURT ABOUT WHY YOU DON'T LIKE THE SETTLEMENT. IF YOU OBJECT IN WRITING, YOU MAY ALSO APPEAR AND BE HEARD AT THE FAIRNESS HEARING. CLASS MEMBERS ARE STILL IN THE CLASS EVEN IF THEY OBJECT UNLESS THEY OPT OUT. |
| GO TO A HEARING | ASK TO SPEAK IN COURT ABOUT THE FAIRNESS OF THE SETTLEMENT, PROVIDED THAT YOU HAVE OBJECTED IN WRITING. |

**1. WHY DID I GET THIS NOTICE?**

You are receiving this notice because you were identified as a person to whom defendants Stephanie Klein d/b/a Stephanie Klein attorney at law, and Singer Energy Group, LLC, d/b/a Robison Oil (defendants), sent a collection letter, or against whom defendants brought a lawsuit between July 12, 2012 and the date of conditional approval of this Settlement.

**2. WHAT IS THE LAWSUIT ABOUT?**

This lawsuit claims that defendants violated the federal Fair Debt Collection Practices Act (FDCPA) in the following manner:

a. Defendants' conduct allegedly violated the FDCPA by failing in their initial communication with plaintiff and class members or within five (5) days thereof to provide the disclosures required under 15 U.S.C. Section 1692g.

b. Defendants' conduct allegedly violated 15 U.S.C. Section 1692i(a)(2) by bringing a legal action on a debt against plaintiff and class members in a judicial district or similar legal entity other than that in which plaintiff and class members signed a contract sued upon or in which plaintiff and class members resided at the commencement of the action.

c. Defendants' conduct allegedly violated 15 U.S.C. Section 1692e(2)(A) in that they falsely stated the character, amount, and legal status of the alleged debt and the debts of class members.

d. Defendants' conduct allegedly violated 15 U.S.C. Section 1692e(14) by using a business, company, or organization name other than defendants' true name.

e. Defendants' alleged conduct violated 15 U.S.C. Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff and class members.

f. Defendants' alleged conduct violated 15 U.S.C. Section 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from plaintiff and class members.

g. Defendants' alleged conduct violated 15 U.S.C. Section 1692e by using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt from plaintiff and class members.

**THE DEFENDANTS EXPRESSLY DENY ANY VIOLATION OF FEDERAL OR STATE LAW.**

3. **WHY IS THIS A CLASS ACTION?**

In a class action, one or more people called class representatives (in this case Ellen Ottstadt) sue on behalf of a group (or a class) of people who have similar claims regarding the same collection letter or lawsuit used by defendants in an attempt to collect a debt.

4. **WHY IS THERE A SETTLEMENT?**

To avoid the cost, risk and delay of litigation, the parties reached a settlement agreement as to plaintiff's and the class's claim.

5. **HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?**

For settlement purposes, the Court has certified a class consisting of all people who meet the following definition:

All persons who from July 12, 2012 through and including the date of conditional approval of this Settlement:

(a) failed to receive within five (5) days of receipt of an initial consumer debt collection communication from Klein, attempting to collect a debt on behalf of Robison, the following statements: (i) that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (iii) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor;

(b) were named defendants in a consumer debt collection lawsuit, brought by Robison in a judicial district or similar legal entity other than where such person signed the contract sued upon or where such person resided at the commencement of such consumer debt collection lawsuit; or

(c) from whom Robison attempted to collect a consumer debt using a name other than its own.

Defendants estimate that, based upon their electronic records, there are 374 people in the class. According to defendants' records, you are a class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

6. **WHAT CAN I GET FROM THE SETTLEMENT?**

If you take no action, you will be entitled to a pro rata share of the class recovery. The class recovery will be $25,000.00. If all 374 class members share in the recovery, each class member will receive about $66.90.

7. **WHEN WILL I RECEIVE THOSE BENEFITS?**

You will receive those benefits approximately 30 to 45 days after the Court enters a final approval order. This estimation is premised on the assumption that no objections are received.

8. **I WANT TO BE PART OF THE SETTLEMENT. WHAT DO I DO?**

No action is required of you at this time, if you want to be part of the settlement. You will automatically receive part of the settlement proceeds.

### 9. WHAT AM I GIVING UP IF I REMAIN IN THE SETTLEMENT?

By staying in the class, all the Court's Orders will apply to you, and you give defendants a "release." A release means you cannot sue or be part of any other lawsuit against defendants about the claims or issues in this lawsuit.

### 10. HOW MUCH WILL THE CLASS REPRESENTATIVE RECEIVE?

The plaintiff, Ellen Ottstadt, will receive a payment of $2,000.00 for her individual statutory damages under the FDCPA. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claim against the defendants, then you must take steps to exclude yourself from the settlement.

### 11. HOW DO I GET OUT OF THE SETTLEMENT?

To exclude yourself from the settlement, you must send a letter by first-class mail stating that you want to be excluded from the settlement class in Ellen Ottstadt v. Stephanie Klein d/b/a Stephanie Klein attorney at law, Singer Energy Group, LLC, d/b/a Robison Oil, SDNY Case No. 7:13-CV-4804-LMS. Be sure to include your name, address, telephone number and your signature. You must mail your letter to U.S. Magistrate Judge Lisa Margaret Smith, 300 Quarropas Street, White Plains, NY 10601. You must mail your exclusion request so that it is postmarked no later than _____ 2015. A copy of your letter should be sent to: Class Counsel Robert J. Nahoum, P.C., 48 Burd Street, Suite 300, Nyack, NY 10960-3109, and defendants' counsel Arthur Sanders, Esq., 30 South Main Street, New City, NY 10956-3515.

### 12. IF I EXCLUDE MYSELF DO I STILL RECEIVE BENEFITS FROM THE SETTLEMENT?

No, you will not receive anything resulting from the settlement, but you will have the right to sue defendants over the claims raised in this case, either on your own or as part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the Statute of Limitations) will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

### 13. DO I HAVE A LAWYER IN THIS CASE?

The Court has named Robert J. Nahoum, Esq., as class counsel. You will not be charged for this lawyer; however, you will receive a payment from the defendants in an amount to be determined by and approved by Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____ 2015.

### 14. HOW WILL THE LAWYERS BE PAID?

Defendants agree that plaintiff is a successful party and entitled to an award of reasonable attorneys' fees, costs and expenses in the amount of $20,000.00 payable from defendants, , although nothing shall preclude class counsel from seeking an award of additional attorneys' fees upon application made to the Court. The award is in addition to, and shall in no manner reduce, the amount of benefits due the class. The attorneys' fees and costs will be paid by defendants and will not be taken out of the class settlement fund.

## CLASS COUNSEL'S VIEW ABOUT THE SETTLEMENT

### 15. IS THIS A FAIR SETTLEMENT?

Class counsel believes that this settlement is fair. The claims asserted on behalf of the class against defendants is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (a) any actual damages suffered; and (b) statutory damages of between zero and $1,000.00. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (a) any actual damages suffered by the class members and (b) the lesser of one (1%) percent of the defendant's net worth, or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or a class action, the person bringing the suit may also recover attorney fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the class recovery of $25,000.00 will be divided between the 374 class members, unless any one or more class member choose to exclude himself or herself from the settlement.

### 16. WHAT IS THE DEFENDANTS' VIEW OF THIS SETTLEMENT?

As stated above, by settling this lawsuit, defendants are not admitting that they have done anything wrong. Defendants expressly deny the claims asserted by the plaintiff and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 17. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief), stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: Ellen Ottstadt v. Stephanie Klein d/b/a Stephanie Klein attorney at law, Singer Energy Group, LLC, d/b/a Robison Oil, SDNY Case No. 7:13-CV-4804-LMS, your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to Question No. 18). You must mail your objection, letter or legal brief so that it is postmarked no later than _____ 2015, to: Clerk of the Court, United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

You must also send a copy of your objection letter or legal brief to: Class Counsel, Law Office of Robert J. Nahoum, P.C., 48 Burd Street, Suite 300, Nyack, NY 10960-3109 and to defendants' counsel: Arthur Sanders, Esq., 30 South Main Street, New City, NY 10956.

Even if a person objects to the settlement or some part of it, he or she will still be included in the class unless he or she excludes himself or herself from the settlement as explained in answer to Question no. 11.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 18. WHERE AND WHEN IS THE FAIRNESS HEARING?

The Court will hold a fairness hearing on _____ 2015, at _____ a.m./p.m., in the courtroom of Hon. Lisa Margaret Smith U.S. Magistrate Judge, 300 Quarropas Street, White Plains, NY 10601, Courtroom 520. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the class and to determine the appropriate amount of compensation for class counsel. At that hearing, the Court will be available to hear any objections of which the Court has been made aware pursuant to the procedures explained in the answer to Question no. 17 concerning the fairness of the proposed settlement.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT**

The hearing may be postponed to a later date without notice.

**GETTING MORE INFORMATION – CONTACT: Robert J. Nahoum, P.C., 48 Burd St., Suite 300, Nyack, NY 10960-3109; EMAIL – info@nahoumlaw.com**

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LIGITATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

**THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**